IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CIVIL NO. |
| | * | |
| $14,363.00 IN U.S. CURRENCY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

*******

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by its attorneys, Jonathan F. Lenzner, Acting United States Attorney for the District of Maryland, and Darryl L. Tarver, Assistant United States Attorney, pursuant to 21 U.S.C. § 881(a)(6), brings this verified complaint for forfeiture in a civil action *in rem* against $14,363.00 in U.S. currency and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action *in rem* against $14,363.00 in seized currency that was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances, or moneys used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a), and therefore is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANT *IN REM*

2. The Defendant Property consists of approximately $14,363.00 in United States currency ("the Defendant Property") seized from 1650 Kirkwood Road, Woodlawn, Maryland 21207, pursuant to a search and seizure warrant executed on or about December 16, 2020.

3. The Defendant Property is presently in the custody of the United States Marshals Service in the State of Maryland (Asset ID # 21-FBI-002127) .

4. The United States brings this action *in rem* in its own right to forfeit all right, title and interest in the Defendant Property.

5. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Special Agent Corey Conyers of the Federal Bureau of Investigation, which is incorporated herein by reference.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

7. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the United States will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because certain acts or omissions giving rise to the forfeiture occurred in the District of Maryland and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this district.

## LEGAL BASIS FOR FORFEITURE

9. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture

> all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841(a)(1) makes it unlawful to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute or dispense, a controlled substance…."[1]

11. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) moneys furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) moneys used or intended to be used to facilitate a violation of the Controlled Substances Act.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Property be cited to appear herein and answer the Complaint; that the Defendant Property be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States dispose of the Defendant Property according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Respectfully submitted,

Jonathan F. Lenzner
Acting United States Attorney

/s/
_____
Darryl L. Tarver
Assistant United States Attorney

---

[1] 21 U.S.C. § 802(6) defines controlled substance as a "drug or other substance … including in Schedule I, II, III, IV, or V of Part B of this subchapter…"

## **VERIFICATION**

I, Corey Conyers, a Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Verified Complaint for Forfeiture *In Rem* is based on information known to me and/or furnished to me by other law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: 6/11/2021

*/s/ Corey Conyers*
Corey Conyers
Special Agent
Federal Bureau of Investigation